# In the United States Court of Federal Claims

No. 18-1521C

(Filed: March 11, 2019)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DAVID STEPHEN BRAUN,

    Plaintiff,

    v.

THE UNITED STATES,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER OF DISMISSAL

**WILLIAMS**, Senior Judge.

    This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

    Plaintiff pro se David Braun is a resident of the state of Montana. Plaintiff alleges that he has been the victim of illegal wiretapping and electronic surveillance by unnamed parties as the result of the United States Postal Service ("Postal Service") adding two fictitious individuals with criminal backgrounds, to the postal database as residents at Plaintiff's address. Compl. 2. Plaintiff states that he has filed four law suits, three in the United States District Court for the District of Columbia and one in the United States District Court for the District of Montana, and has made numerous requests pursuant to the Privacy Act of 1974 and the Freedom of Information Act ("FOIA") to the National Security Agency, the Office of Management and Budget, the Federal Bureau of Investigation, and the United States Postal Service Office of Inspector General regarding the Postal Service's alleged tampering with Plaintiff's mail and electronic surveillance. Compl. 2-5; see generally Compl. Attachs. 1-104. Plaintiff alleges that he has been denied due process due to the failure of these agencies to provide him with the results of any agency investigations, and that he has suffered an invasion of privacy due to alleged wiretapping, electronic surveillance,

---

[1]     This background is derived from Plaintiff's complaint and the 104 pages of exhibits.

and identity theft. Id. at 1. Plaintiff seeks damages in the form of a lump sum payment of $100,000,000 as well as annual payment of $10,000,000 for life.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012). The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Plaintiff alleges that the National Security Agency, the Office of Management and Budget, the Federal Bureau of Investigation, and the United States Postal Service Office of Inspector General violated his right to due process by their failure to provide him with the complete results of any investigation each agency undertook pursuant to Plaintiff's Privacy Act and FOIA requests. However, this Court lacks jurisdiction over this claim, as the Due Process clauses of the Fifth and Fourteenth Amendments are not money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Nor does this Court have jurisdiction over Plaintiff's claims of identity theft, negligence, and invasion of privacy, as this Court lacks jurisdiction claims sounding in tort. Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Reid v. United States, 95 Fed. Cl. 243, 249 (2010) (finding that identity theft and invasion of privacy sound in tort).

Although Plaintiff invokes 42 U.S.C. § 1983, 5 U.S.C. § 552a(g)(1)(B), 31 U.S.C. § 3702(a)(4), and 28 U.S.C. § 1339 as bases for this Court's jurisdiction, none of these statutory provisions grant this Court jurisdiction over Plaintiff's claims. Jurisdiction over civil rights claims brought pursuant to 42 U.S.C. § 1983 is vested exclusively in the district courts, and this Court is not a district court. Sharpe v. United States, 112 Fed. Cl. 468, 476 (2013); Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009). Section 552a(g)(1)(B) of Title 5, a provision of the Privacy Act that governs records maintained on individuals, provides a civil remedy to an individual in the district courts when an agency "refuses to comply with an individual request" for access to an individual's record "or to any information pertaining to him" in that agency's system of records. 5 U.S.C. § 552a(g)(1)(B) (2012); Addington v. United States, 94 Fed. Cl. 779, 784 (2010). Section 3702(a)(4) of Title 31, entitled authority to settle claims, is not money-mandating and provides no right of action. Curtin v. United States, 91 Fed. Cl. 683, 687 (2010). Section 1339 of Title 28, entitled Postal matters, grants jurisdiction over "any civil action arising under any Act of Congress related to the postal service" exclusively to the district courts. 28 U.S.C. § 1339 (2012); Elgin Builders, Inc. v. United States, 10 Cl. Ct. 40, 42 (1986).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiff's motions for corrective action and for a hearing are **DENIED** as moot. The Clerk is directed to dismiss this action.

*MaryEllen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**